■ CATHLEEN MURPHY, Respondent, v DUN & BRADSTREET, INC., et al., Appellants, and KENNETH SANDER, Respondent.—Judgment, Supreme Court, New York County, entered on June 9, 1977 affirmed. Plaintiff-respondent shall recover of defendants-appellants $60 costs and disbursements of this appeal. Concur—Lane, Yesawich and Sandler, JJ.; Silverman, J. P., dissents in the following memorandum: I would reverse the judgment appealed from on the law, and order a new trial as to defendants-appellants Dun & Bradstreet, Inc., *et al.* During its deliberations, the jury asked the following question: "If the Archilla car [defendants-appellants' car] was stopped and he was in 'park' was he negligent in not showing brake lights to vehicles behind him?" In response the court charged the jury as to the requirements of subdivisions 18-a and 19 of section 375 of the Vehicle and Traffic Law relating to the requirement for two front and two rear directional signals to flash simultaneously for the purpose of warning of the presence of a vehicular traffic hazard requiring the exercise of unusual care in approaching, overtaking or passing. The court said that if the Archilla driver put his car in park and was stopped on the highway then these sections of the statute were brought into play and the violation of the statute was negligence. An hour later, the jury brought in a verdict for plaintiff against all defendants. In my view it was error for the court to give this charge. At no time in the pleadings, the bill of particulars, the trial itself, or the Judge's main charge, was there any question as to the necessity for flashing lights. Not until the answer to the jury's question during its deliberations—a question not related to flashing lights—did that suggested violation come into the case. Thus defendants never had an opportunity to defend against a charge of that violation. Furthermore, I have the gravest doubts whether the requirement of flashing lights has any applicability to transient stops due to a traffic tie-up. Nor is there anything in the record that justifies a finding of a causal relationship between a failure to have the lights flashing

and this accident. None of the three versions of the accident attributes the accident to a failure to see appellants' car or to see the traffic tie-up. There is no dispute that the accident happened in midafternoon on a clear day with no obstruction to visibility.